HARDY, Judge.
I respectfully dissent from the conclusion reached by the majority of the Court.
The issues are correctly stated in the majority opinion but I cannot agree with the interpretation of the provision of the Compensation Act which is the basis for the conclusion.
In my opinion this case involves simply a definition of the provision that compensation shall not be allowed for any injury caused by “the injured employee’s deliberate failure to use an adequate guard or precaution against accident provided for him % ^
Taken in contemplation of the further provision that the burden of proof shall be upon the employer, I do not consider that in the instant case the employer has established the fact that the so-called guard or precaution, even if used, would have been-adequate to prevent the accident.
Although I feel that the above should dispose of the matter, nonetheless I am constrained to assert that the clear, plain, unambiguous, logical and definite meaning of the words “provided for him” conclusively indicates the furnishing of an extra, additional and unusual precaution or device to the employee by the employer.
I cannot be convinced that the normal and customary equipment of an automotive unit or of any other machine was contemplated as a fulfillment of this provision. To so urge would be to hold that any unit of machinery1 which is ordinarily equipped with any kind of safety device exempts an employer from liability if the device is not used. This would, to great degree, eliminate the claims of employees who have been injured as the result of their own negligence, which, concededly, has been one-of the purposes in the enactment of compensa-' tion statutes. Myriads of machines and mechanical devices are equipped with certain safeguards, but, in the interest of increased safety, employers have inclined more and more to provide extra equipment *326 and additional precautionary devices for the greater protection of their employees.
To argue that a man’s failure to have air brakes properly attached is a failure to use a safeguard provided for him is equivalent to arguing that his failure to apply a brake is a failure to use a safeguard or that his failure to remove his foot from the accelerator is a failure to use a safeguard.
In my view it is unnecessary to look beyond the plain and customary acceptance and definition of the words used in the statute in order to justify recovery, which I think should have been awarded in the instant case.
Rehearing denied; HARDY, J., dissents.